The COMMONWEALTH *against* the administrators of PATRICK FARRELY, deceased.

The account of a public officer, settled by the Auditor General, and approved by the State Treasurer, and duly certified by the Auditor General, to be a true copy from the records of his office, is, *prima facia*, sufficient evidence to enable the commonwealth to recover the balance due by such officer, in a suit brought on his official bond against his surety.

WRIT of error to Crawford county, to remove the record of a suit, brought in the court of common pleas, by the *Commonwealth* against *the Administrators of Patrick Farrelly*, deceased. ·

The defendants intestate, *Farrelly*, was one of the sureties of *Richard Bean*, in a bond to the commonwealth, in the sum of four thousand dollars, dated 8th February, 1819, conditioned that the said *Bean*, who had been commissioned Brigade Inspector of the sixteenth division Pennsylvania militia, by commission dated 15th October, 1818, should faithfully execute the duties of said office, and among other duties, "should from time to time, well and truly account for all moneys which may come to his hands, in virtue of said office, and pay over any balance which may be ascertained by the proper authorities to be lawfully due by him." A breach was assigned in the declaration, that moneys had come to the hands of the said *Bean*, to the amount of six hundred and twelve dollars and forty-five cents, as per account passed by the Auditor General and State Treasurer, 17th March, 1820, which he had refused to pay over, &c.

(The Commonwealth *v.* the administrators of Patrick Farrelly, deceased.)

Pleas by defendant: That *Bean* had not broken the condition of the said bond, and covenants performed; replications by plaintiffs and issues.

On the trial, the commonwealth's counsel gave in evidence the bond, and the following account duly certified under seal, by the Auditor General, to be a true copy, taken from the records of his office, viz:

*Richard Bean,* Inspector, 2d brigade, 16th division, to the commonwealth of Pennsylvania Dr. For amount of fines returned by his predecessor, *William Clark,* late inspector of said brigade viz:

| | | | | | |
|---|---|---|---|---|---|
| William Shannon, | constable, | fines of | 1815, | $32 | 50 |
| Andrew Clark, | do. | do. | 1816, | 29 | 95 |
| George Kelly | do. | do. | | 88 | 00 |
| Abraham Looper, | do. | do. | | 1 | 00 |
| Thompson Clark, | do. | do. | | 38 | 00 |
| George Kelly, | do. spring do. | | 1817, | 172 | 00 |
| Henry Stewart, | do. | do. | | 77 | 00 |
| Thompson Clark, | do. | do. | | 64 | 00 |
| Thompson Clark, | do. fall | do. | | 54 | 00 |
| Abraham Looper, | do. | do. | | 56 | 00 |

$612 45

Settled and entered,  *Geo. Bryan,*
Auditor General's office, 17th March, 1820.

Approved and entered, *Richard M. Crain,*
Treasury office, 17th March, 1820.

Here the plaintiff closed: and the court below instructed the jury, " that the account was not of itself sufficient to shew a forfeiture of the bond." To which opinion the plaintiff's counsel excepted, and in this court assigned the same for error.

*Derrickson,* for the commonwealth.—After referring to the act of 28th March, 1814, relative to the duties of a Brigade Inspector, and the act of the 30th March, 1811, *Purd. Dig.* 690, *Tit. Public Accounts,* which directs the mode of settling officers' accounts by the Auditor General and State Treasurer, and contending that the account was not only *prima facia* evidence, but conclusive upon *Bean* and his surety, was stopped by the court, who desired to hear the counsel on the other side.

*S. B. Foster* for defendant in error.—Contended, that as the account consisted entirely of fines and forfeitures, which accrued previous to *Bean's* coming into office, it was a charge for which his predecessor only was liable, unless the commonwealth would shew by testimony *dehors,* the account and certificates of the Auditor General, that the money had actually come into *Bean's* hands: that

(The Commonwealth *v.* the Administrators of Patrick Farrelly, deceased)

the bond was not to have a retrospective but a prospective opera-
tion, and that the bail consequently could not be liable.　He cited
9 *Wheat. Rep.* 680. 9 *Cranch Rep.* 212.

The court would not hear *Derrickson* in reply, and reversed the
judgment of the court below.